

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. O-7029

Re: Examining trial and district
court fees in a felony case
where, upon trial, the plea
of insanity was invoked and
the defendant was adjudged
insane.

Your letter of recent date requesting an opinion
from this department on the above subject matter is as
follows:

"There is some confusion in this depart-
ment as to the payment of fees in a felony
case, both examining trial and District Court
fees, where the defendant is charged with
felony and upon trial, the plea of insanity is
invoked and the defendant is adjudged insane.
What effect will the adjudgment of insanity have
upon the rights of the county officials, where
the case is pending, to collect from the State
the fees that would otherwise be payable both
in reducible and non-reducible cases? (This
situation applies to under-counties on a fee
basis).

"A specific case is now presented to this
department as follows: A defendant is indicted
for murder. Upon trial of the case, a plea of
insanity was invoked and defendant was adjudged
insane. The charge of murder pending against
the insane defendant was subsequently dis-
missed. Can this department issue warrant in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, page 2

payment to the county officials claiming fees
under this case, both for examining trial and
District Court fees? Would it make any differ-
ence whether the felony charge was one of mur-
der or any other felony such as rape? Or would
it make any difference whether the case was
dismissed or left pending? Would the question
of limitation run against the fee accounts in
the murder case?

"In connection with the last question, I refer
you to Articles 1020, 1027, 1034 and 1035, C. C. P."

This department received in answer to our request for addi-
tional information the following letter from Judge Brian Montague,
63rd Judicial District, Del Rio, Texas:

"This will acknowledge the letter addressed to me,
under date of January 30, 1946, relative to a request
for an opinion concerning the payment of fees in Case
#1350 styled The State of Texas versus Terry Randle,
lately pending in the District Court of Kimble County,
Texas.

"Hon. J. B. Randolph, Judge of the 112th District
of Texas, having advised me of his disqualification in
the trial of the above cause, I was thereupon designated
by the Judge of the Sixth Administrative District to
preside in the trial of the above cause, and did do so.

"An indictment was returned in this cause during the
month of October, 1945, charging the defendant, Terry
Randle, with the offense of murder with malice. On
January 3, 1946 I called this case for trial, having
previously gone to Junction for the purpose of drawing
a special venire for said trial, and, when called, the
defendant, through his attorney, filed an affidavit
alleging the insanity of the defendant, Terry Randle,
at the time of the alleged commission of the offense
and 'now', that is, on January 3, 1946.

"In conformity with the provisions of law a jury
was thereupon impaneled for the trial of the issues
made by said affidavit, and upon the conclusion of the
introduction of the testimony the charge of the Court
was submitted to the jury, which consisted of special
issues, the first of which requested their answer as

to whether or not the defendant was sane or insane on
the date of the alleged commission of the offense,
to-wit, September 11, 1945; and the second issue was
whether or not the defendant was sane or insane at
this time (January 3, 1946).  To each issue the answer
of the jury was that the defendant was insane.  There-
upon the judgment of the Court, which was entered, was
one finding the defendant insane at the time of the
alleged commission of the offense and at the date of
his trial.

"The case was by no means dismissed and, by the same
token, it certainly was not left pending, but has been
finally adjudicated for, under the decisions of this
state, the defendant could never be tried for the
criminal offense charged by the indictment.  Under the
statute alluded to, the only possible proceeding which
hereafter can be had in this case would be another trial,
assuming the proper predicate is laid at that time, to
determine the sanity of the defendant at such time."

Chapter 2 of Title 15, Vernon's Annotated Code of Criminal
Procedure, (Articles 1018 through 1036) provides for costs which
are paid by the State.  Art. 1027, V. A. C. C. P., provides:

"In all cases where a defendant is indicted for
a felony but under the indictment he may be con-
victed of a misdemeanor or felony, and the punish-
ment which may be assessed is a fine, jail sen-
tence or both such fine and imprisonment in jail,
the State shall pay no fees or any officer, ex-
cept where the defendant is indicted for murder,
<u>until the case has been finally disposed of in
the trial court.</u>"  (emphasis ours)

Section 3 of Art. 932a, V. A. C. C. P., provides:

"When the defendant so committed to a hospital
for the insane becomes sane, the superintendent of
the hospital shall give written notice of that fact
to the Judge of the Court from which the order of
commitment issued.  Upon receipt of such notice
the Judge shall require the sheriff to bring the
defendant from the hospital and place him in the
proper custody until the hearing may be had before
a jury in such Court to determine defendant's
sanity, and if he be found sane, <u>he shall be
discharged,</u> unless he had been previously found

Hon. Geo. H. Sheppard, page 4

to be sane at the time at which he is alleged to
have committed the offense charged, in which event,
unless previously acquitted, he shall be tried for
the offense charged." (emphasis ours)

We held in Opinion No. O-3691:

"* * *After the indictment has been returned, and
where insanity is interposed as a defense, the defen-
dant or accused may be tried on that issue alone in
the District Court before the main charge. If the
jury finds the defendant insane, or to have been
insane at the time the act is alleged to have been
committed, they shall so state in their verdict, or
if the jury finds that the defendant was insane at
the time the act is alleged to have been committed
but sane at the trial, he shall be immediately dis-
charged. If the jury finds that the defendant was
insane at the time the act is alleged to have been
committed and insane at the time of the trial, or
sane at the time the act is alleged to have been
committed and insane at the time of the trial, the
court shall thereupon make and have entered on the
minutes of the court an order committing the defen-
dant to the custody of the sheriff, to be kept sub-
ject to the further order of the county judge of the
county, and the proceedings shall forthwith be certi-
fied to the county judge who shall at once take the
necessary steps to have the defendant committed to
and confined in the State Hospital for the insane
until he becomes sane. On the other hand, when the
defense on the trial of the main charge is the
insanity of the defendant the jury shall be instructed,
if they acquit him on that ground, to state that fact
with their verdict, and if they further find the defen-
dant to have been insane at the time the act is alleged
to have been committed, but sane at the time of the
trial, he shall be immediately discharged. However, if
the jury finds that the defendant was insane at the time
the act is alleged to have been committed and insane
at the time of trial, or sane at the time the act is
alleged to have been committed and insane at the time
of the trial, the court shall thereupon make and have
entered on the minutes of the court an order committing
the defendant to the custody of the sheriff, to be kept
subject to further order of the county judge of the
county, and the proceedings shall forthwith be certified
to the county judge who shall at once take the necessary
steps to have the defendant committed to and confined in
a State Hospital for the insane until he becomes sane.
(Art. 932a, V. A. C. C. P.)"

123

Therefore, where the defendant is charged with a felony and, upon trial, the plea of insanity is invoked and the defendant is adjudged insane, it is our opinion that the "case has been finally disposed of in the trial court" within the meaning of Art. 1027, supra.

On the basis of the facts relative to the claim submitted, there was a final adjudication of the instant case. Therefore, it is our opinion that you are authorized to issue warrants in payment of fees in the present claim.

Art. 1035, V. A. C. C. P., provides:

"The Comptroller upon the receipt of such claim, and said certified copy of the minutes of said Court, shall closely and carefully examine the same, and if he deems the same to be correct, he shall draw his warrant on the State Treasurer for the amount found by him to be due, and in favor of the officer entitled to the same. If the appropriation for paying such accounts is exhausted, the Comptroller shall file the same away, if found to be correct, and issue a certificate in the name of the officer entitled to the same, stating herein the amount of the claim and the character of the services performed. All such claims or accounts not sent to or placed on file in the office of the Comptroller within twelve (12) months from the date the same becomes due and payable shall be forever barred." (emphasis ours)

It is our opinion that said statute applies to fees in a murder case as well as other felonies.

We trust that we have satisfactorily answered your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By     *J. C. Davis, Jr.*
       J. C. Davis, Jr.
       Assistant

By     *John Reeves*
       John Reeves

JR:LJ